UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Tate, Joseph Shuster, Lyle Evanson and Jack Ayers, individually and on behalf of all other individuals similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>Restaurant Technologies, Inc., Parthenon Capital LLC, Jeffrey R. Kiesel, John C. Rutherford, Jonathan O. Grad, Zachary F. Sadek, Phillip A. Clough, and Robert E. Weil,<br><br>              Defendants. | Civil No. 09-cv-02076 MJD/JJG |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND APPROVING FORM AND MANNER OF NOTICE**

WHEREAS, Plaintiffs (on behalf of themselves and, to the full extent permissible, the Class Members), have entered into a Stipulation of Settlement dated as of September 27, 2010 (the "Stipulation") with Defendants that is subject to review and approval under Rule 23 of the Federal Rules of Civil Procedure and that, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement and the dismissal of the Litigation with prejudice; and the Court having read and considered the Stipulation and the accompanying documents including Plaintiffs' Motion seeking preliminary approval of settlement including conditional certification of the Class, appointment of Plaintiffs as Class Representatives, appointment of Class Counsel and

approval of a form and manner of notice; and the parties to the Stipulation having consented to entry of this Order; and all capitalized terms used herein having the same meanings set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  The Court hereby certifies for settlement purposes a class pursuant to Fed. R. Civ. P. 23(b)(3), defined as follows:

> All individuals and entities who held RTI common stock or Series A preferred stock as of June 12, 2009 and all individuals or entities holding options to purchase RTI common stock as of May 13, 2009.

Excluded from the Class are the individual Defendants and members of their immediate families; Defendant RTI and its current officers and directors, legal representatives and financial representatives; Defendant Parthenon Capital LLC and ABS Capital Partners and their affiliates, subsidiaries and individuals affiliated with those entities. Also excluded from the Class with respect to their ownership of options canceled in the 2009 recapitalization, are individual employees of RTI who received options pursuant to a plan adopted on September 3, 2009.

2.  In conditionally certifying the Class for settlement purposes, the court expressly finds that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied because: (a) the Class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to all members of the Class; (c) the claims of the Plaintiffs are typical of the claims of the members of the Class; (d) Plaintiffs will fairly and adequately protect the interests of the members of the Settlement Class; (e) common questions of law and/or fact predominate over questions affecting only individual

Settlement Class Members; and (f) a class action is superior to all other available methods for fair and efficient adjudication of the controversy.

3. The Court also finds that the named Plaintiffs are adequate to serve as Class Representatives and that the Anthony Ostlund Baer & Louwagie P.A. and Lockridge Grindal Nauen P.L.L.P. firms are qualified to serve as Class Counsel.

4. The Court preliminarily finds, subject to hearing from any persons objecting at the Settlement Hearing noted below, that the terms of the settlement as set forth in the Stipulation are fair, reasonable, and adequate to the Class and should be approved by the Court and Judgment as provided under the Stipulation should be entered.

5. A Final Settlement Hearing, pursuant to Fed. R. Civ. P. 23(e), shall be held before the Court on November 29, 2010, at 9:00 a.m., in Courtroom 15E of the United States Courthouse, District of Minnesota, 300 South Fourth Street, Minneapolis, Minnesota:

> (a) to hear from any Class Members or persons wishing to be excluded from the Class as to any objections regarding the terms of the settlement and, after due consideration of any such objections, to determine whether the settlement terms should be finally approved;
>
> (b) to determine whether the proposed Plan of Allocation for distributing the settlement proceeds among Class Members should be approved by the Court;
>
> (c) to determine the amount of fees and expenses to be awarded to Counsel;
>
> (d) to determine whether to make any award to the named Plaintiffs; and
>
> (e) to rule upon such other matters as the Court may deem appropriate.

6. The Court approves, in form and content, the Notice of Proposed Settlement of Class Action and Hearing Regarding Settlement (the "Notice"), annexed to

this Order, and finds that first class mailing and internet posting of this notice in the manner and form set forth herein meets the requirements of Rule 23 of the Fed. R. Civ. P., due process, the rules of this Court, and any other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7. Counsel for Plaintiffs shall ensure that the Notice shall reflect the proper postmark date, and may make ministerial changes necessary to ensure a proper mailing but that none of the material elements in the Notice change before the Notice is distributed to interested parties.

8. The firm of Analytics Inc. is hereby appointed Claims Administrator to supervise and administer distribution of the Notice process as well as process claims as more fully set forth in the Stipulation if final approval is granted.

9. (a) Within ten (10) days of the date of this Order (i) a copy of the Notice shall be mailed by first class mail to each member of the Class to the extent shown by the records of RTI, and (ii) the Stipulation and all exhibits thereto shall be posted on the Internet at http://www.aoblaw.com/news/newsline.html.

(b) At or prior to November 19, 2010, Counsel shall file with the Court, proof, by affidavit or declaration, of such mailing and evidence of the posting on the internet site.

10. Any person falling within the definition of the Class may be excluded from the Class by complying, on or before November 12, 2010, with the instructions and procedures set forth in Section VIII of the Notice regarding exclusion from the Class.

Any member of the Class who has not requested to be excluded from the Class in the manner set forth in Section VIII of the Notice may, but is not required to, enter an appearance in this Litigation *pro se* or through counsel of his, her or its own choice.  Any member of the Class who does not enter an appearance shall be represented by Counsel.

11.	Any member of the Class who has not requested to be excluded from the Class and who wants to object to the approval of the settlement, the application by Counsel for an award of attorneys' fees and expenses, or the proposed Plan of Allocation or Plan of Distribution may do so by appearing at the Settlement Hearing either in person or through an attorney and presenting evidence or by filing a written objection consisting of a clear statement of the nature of the objection and such other materials supporting to the objection as they wish.

As set forth in Section VII of the Notice, in order to appear at the Settlement Hearing or otherwise object to the settlement, any such Class Member must file a written notice of objection with the Clerk of the Court on or before November 12, 2010.  This written objection must also be served by hand delivery, first class mail, or facsimile to the parties set forth in Section VIII of the Notice.  Any Class Member who intends to object to the approval of the settlement on the terms set forth in the Stipulation, the application by Counsel for an award of attorneys' fees and expenses, or the proposed Plan of Allocation, and who desires to present evidence at the Settlement Hearing, must include in his, her or its written objections the identity of any witnesses he, she or it may call to testify, and any exhibits he, she or it intends to introduce into evidence at the Settlement Hearing.  Any Class Member who does not make his, her, or its objection in

5

the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement as incorporated in the Stipulation, the proposed Plan of Allocation, the awards to Counsel of attorneys' fees and expenses or any reimbursement of expenses of Plaintiffs, unless otherwise ordered by the Court.

12.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or Plan of Distribution or any application for attorneys' fees or reimbursement of expenses submitted by Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness and adequacy of the proposed settlement.

13.     All proceedings in this action are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the settlement.

14.     If this settlement is finally approved by the Court, all members of the Class for whom timely, valid and complete requests for exclusion from the Class have not been submitted in accordance with the provisions of Section VIII of the Notice shall conclusively be deemed to have dismissed with prejudice all claims asserted against the Defendants in the Litigation and to have, and by operation of a Final Judgment shall have:  (i) fully, finally, and forever released all the Released Claims; (ii) covenanted not to sue any of the Released Persons or otherwise to assert, directly or indirectly, any of the Released Claims against any of the Released Persons; and (iii) agreed to be forever barred and enjoined from doing so, in any court of law or equity, or in any other forum.

The foregoing release excludes claims for breach of the Stipulation or any agreement made therein.

16. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed settlement, no member of the Class (which excludes those for whom timely, valid and complete requests for exclusion from the Class have been submitted) may, either directly, representatively, or in any other capacity, prosecute, institute, or commence any individual, class, or derivative action with respect to the Released Claims against any of the Released Persons.

16. The Court reserves the right to approve the settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement, as well as any applications for awards of fees and expenses to counsel to the Class.

17. Pursuant to the Stipulation, if this matter is finally approved by the Court, the Court will retain jurisdiction to ensure compliance with the terms of the settlement.

18. The Claims Administrator, subject to such supervision of the Court and/or Counsel as may be necessary or as circumstances may require, shall provide notice to the Class and administer the distribution of the proceeds of the settlement in accordance with a Plan of Distribution as approved by the Court.  All reasonable costs incurred in identifying and notifying Class Members as well as in administering the Settlement Fund shall be paid as set forth in the Stipulation.

19. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court. Neither Defendants nor their counsel shall have any responsibility for the handling of the funds held by the Escrow Agent.

20. Any application by Counsel for attorneys' fees and expenses and reimbursement of the Plaintiffs' expenses shall be filed with the Court and served by or before November 1, 2010.

21. All papers and affidavits relating to the mailing of the Notice, the number of individuals/entities excluding themselves, the number of individuals filing claims, and any comments on any objections shall be filed by the parties no later then November 19, 2010.

22. This Order be posted on the internet site referred to in the Notice.

DATED: September 30, 2010

                                               s/ Michael J. Davis
                                               CHIEF JUDGE MICHAEL J. DAVIS
                                               UNITED STATES DISTRICT COURT