UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Tate, Joseph Shuster, Lyle
Evanson and Jack Ayers, individually
and on behalf of all other individuals
similarly situated,

        Plaintiffs,

v.

Restaurant Technologies, Inc.,
Parthenon Capital LLC, Jeffrey R.
Kiesel, John C. Rutherford, Jonathan
O. Grad, Zachary F. Sadek, Phillip A.
Clough, and Robert E. Weil,

        Defendants.

Civil No. 09-cv-02076 MJD/JJG

## FINAL JUDGMENT AND
## ORDER OF DISMISSAL WITH PREJUDICE

On November 29, 2010 a hearing was conducted by the Court to determine whether the terms and conditions of the Stipulation of Settlement dated as of September 27, 2010 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Plaintiffs and members of the Class against the Defendants. Due and adequate notice was given to the Class as required by the Court's Order Preliminarily Approving Settlement and Approving Form and Manner of Notice entered on September 29, 2010 (the "Order") including, advising all Class members of the time and place for the November 29, 2010 hearing, advising Class members of their right to object or exclude themselves from the Class and advising Class members that, if they

participated in the Class, they would be releasing their claims against Defendants. No requests for exclusions were made and only one objection was received by the Court to the proposed settlement. The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Stipulation, including the definitions contained therein, is incorporated by reference in this Judgment.

2. The Court has jurisdiction over the subject matter of the Litigation and all parties to the Litigation, including Class Members.

3. In the Order, the Court preliminarily certified for settlement purposes a class pursuant to Fed. R. Civ. P. 23(b)(3), defined as follows:

> All individuals and entities who held Restaurant Technologies, Inc. "RTI" common stock or Series A preferred stock as of June 12, 2009 and all individuals or entities holding options to purchase RTI common stock as of May 13, 2009.

Excluded from the Class are the individual Defendants and members of their immediate families; Defendant RTI and its current officers and directors, legal representatives and financial representatives; Defendant Parthenon Capital LLC and ABS Capital Partners and their affiliates, subsidiaries and individuals affiliated with those entities. Also excluded from the Class, with respect to their ownership of options canceled in the 2009 recapitalization, are individual employees of RTI who received options pursuant to a plan adopted on September 3, 2009. No persons timely and properly excluded themselves

pursuant to a Notice of Proposed Settlement of Class Action and Hearing Regarding Settlement ("Notice") which the Court ordered to be mailed.

4. Notice of the pendency of this Litigation as a class action and of the proposed settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Litigation as a class action and of the terms and conditions of the proposed settlement met the requirements of Fed. R. Civ. P. 23, due process, the rules of this Court, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto. There have been no requests for exclusion from the Class.

5. The Court received one objection from Gemini Investors to the settlement. That objection was primarily based upon an argument that in certain hypothetical circumstances, a conflict between RTI preferred and common shareholders could exist requiring subclassing. The objection was responded to by Plaintiffs. Based upon the record before this Court, the Court finds the objection is without merit and should not cause delay in the implementation of a settlement approved by virtually every other Class member.

6. Pursuant to Fed. R. Civ. P. 23, the Court now provides final certification of the Class identified in Paragraph 3 above, names Michael Tate, Joseph Shuster, Lyle Evanson and Jack Ayers as Class Representatives and names Anthony Ostlund Baer & Louwagie P.A. and Lockridge Grindal Nauen P.L.L.P. as Class Counsel and finds that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied because: (a) the Class

is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to all members of the Class; (c) the claims of the Plaintiffs are typical of the claims of the members of the Class; (d) Plaintiffs will fairly and adequately protect the interests of the members of the Settlement Class; (e) common questions of law and/or fact predominate over questions affecting only individual Settlement Class Members; and (f) a class action is superior to all other available methods for fair and efficient adjudication of the controversy.

7. Pursuant to Fed. R. Civ. P. 23, the Court approves the settlement on the terms set forth in the Stipulation as the product of substantial arms-length negotiations, and as fair, reasonable and adequate to the Class, and the Parties are directed to consummate the Stipulation in accordance with its terms and conditions .

8. This Class Action Litigation is hereby dismissed with prejudice and without costs as against any of the Defendants or the Released Persons except that, in accordance with the Stipulation, the Court will retain jurisdiction to insure that the terms of the Stipulation are complied with in accordance with Paragraph 13 below.

9. Upon the Effective Date, Plaintiffs and each of the Class Members, on behalf of themselves, their affiliates, predecessors, successors, assigns, agents, employees, heirs, executors, administrators and all other persons or entities controlled by, or under common control with, shall be deemed to have, and by operation of the Judgment shall have: (i) fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Persons;  (ii) covenanted not to sue any of the Released Persons or otherwise to assert, directly or

indirectly, any of the Released Claims against any of the Released Persons; and (iii) agreed to be forever barred and enjoined from doing so, in any court of law or equity, or in any other forum. The foregoing release excludes claims for breach of the Stipulation or any agreement made therein.

10. Upon the Effective Date, each of the Released Persons shall be deemed to have fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs (except as to any individual or entity who has validly, timely, and completely requested exclusion from the Class), their respective present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, heirs, successors and assigns of each, from all claims of every nature and description, known and unknown, relating to the institution, prosecution and/or resolution of the Litigation, issues surrounding the subject matter of the Litigation or the Released Claims.

11. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons or infirmity in any defenses asserted; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative

agency or other tribunal. Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or claim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim.

12. Notwithstanding any other provision in this Final Judgment and Order, RTI retains and does not release any and all rights under any policies of insurance.

13. The Order for Reimbursement of Expenses, Award to Class Representatives, Award of Attorneys' Fees and Distribution shall in no way disturb or affect this Judgment and shall be separate and apart from this Judgment.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Litigation; (d) the Parties for purposes of construing, enforcing and administering the Stipulation; (e) setting a bond in the event of an appeal from this Order; and (f) adjusting or modifying a distribution to any Class member who engages in an unsuccessful appeal so as not to financially harm other non-appealing Class members.

15. No Person shall have any claim against Counsel or the Claims Administrator, or their counsel, based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or

further order(s) of the Court.  No Person shall have any claim whatsoever against Defendants, their counsel, or any Released Persons arising from or related to any distributions made, or not made, from the Settlement Fund.

16. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. In the event that the Effective Date does not occur, this Final Judgment and Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be placed into the position they held in the Litigation as of August 31, 2010 without prejudice to any party in accordance with Section 10.2 of the Stipulation.

DATED:  November 29, 2010

                                      s/ Michael J. Davis
                                      MICHAEL J. DAVIS
                                      CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT