# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Tate, Joseph Shuster, Lyle Evanson and John Ayers, individually and on behalf of all other individuals similarly situated, | Civil File No. 09-cv-02076 MJD/JJG |
| Plaintiffs, | |
| vs. | **ORDER APPROVING REIMBURSEMENT OF EXPENSES, AWARD TO CLASS REPRESENTATIVES, AWARD OF ATTORNEYS' FEES AND DISTRIBUTION** |
| Restaurant Technologies, Inc., Parthenon Capital LLC, Jeffery R. Kiesel, John C. Rutherford, Jonathan O. Grad, Zachary F. Sadek, Philip A. Clough and Robert E. Weil, | |
| Defendants. | |

On November 29, 2010 a hearing was conducted to determine whether the terms and conditions of the Stipulation of Settlement dated September 27, 2010 ("Stipulation") were fair, reasonable and adequate for the settlement of the claims asserted. In advance of the hearing and consistent with the Court's Order Preliminarily Approving Settlement and Approving Form and Manner of Notice, Plaintiffs oversaw the mailing of a Notice of Proposed Settlement of Class Action and Hearing Regarding Settlement ("Notice), submitted a motion and memorandum seeking Reimbursement of Expenses, an Award for the Class Representatives and an Award of Attorneys' Fees and submitted a Memorandum in Support of Entry of Final Approval Orders.

Having considered all records, files and proceedings herein and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has granted a Final Judgment and Order of Dismissal with Prejudice ("Final Order"). The Final Order certified the Class, appointed Class Counsel, appointed Class Representatives and approved the settlement in the above matter. In connection with the granting of the Final Order, the Court found that the settlement was fair, reasonable and adequate. The Court received one objection to the settlement and found that objection to be without merit. The Court's record reflects overwhelming approval of the settlement and no objection to the proposed reimbursement of expenses, proposed Class Representative award and proposed attorneys' fee award.

2. The settlement in this matter includes an initial cash payment of $2.55 million to the Class as well as the tendering of two interest-bearing Notes, one for $1.55 million payable on or before June 1, 2013 and the other for $1.40 million payable on or before June 1, 2014. Further, in the event of a sale of RTI in excess of $170 million, the Class is to receive seven percent (7%) of the gross sales proceeds in excess of $150 million in lieu of the $1.40 million Note. While the Notes have maturity dates of 2013 and 2014 respectively, it is anticipated that, should Restaurant Technologies, Inc. ("RTI") engage in a sale, that the Notes will be paid at the time of sale under most circumstances. Counsel for RTI has advised the Court on more than one occasion that one of the motivations for RTI to resolve this matter was to permit a sale of RTI to go forward.

3. The Court finds that the settlement of this matter confers a substantial benefit on the Class, that the litigation had significant risk, that the vast majority of Class members approved the settlement and that further litigation would have been protracted and expensive.

4. With respect to the reimbursement of expenses, the Class Representatives have presented evidence they have incurred Two Hundred Fifteen Thousand and Eighty-Six Dollars ($215,586) in connection with the prosecution of this litigation and that Eighty-Eight Thousand Three Hundred and Thirty-Three Dollars ($88,333) of that amount was contributed by 34 individual Class members. In recognition of the individual monetary contributions, Class Counsel and Class Representatives seek to have a Twenty-Five Thousand Dollar ($25,000) incentive payment distributed on a proportional basis to the 34 individuals who made contributions in addition to reimbursement of their contributions. The Court finds the expenses to have been reasonably incurred and the incentive payment to the individuals who contributed to defer costs to also be reasonable. Notice of these expenses as well as the proposed incentive payment was properly given and resulted in no objection from any Class member. The Court hereby orders reimbursement of expenses in the amount of Two Hundred Forty Thousand Five Hundred Eighty-Six Dollars ($240,586) in accordance with the Order directing distribution set forth below.

5. Class Counsel seeks an award of Thirty-Five Thousand Dollars ($35,000) to be divided by and between the four Class Representatives for their efforts in advancing the litigation on behalf of the Class. Notice of this proposed award was set forth in the

Notice to all Class members and has resulted in no objection from any Class member. Based upon the record before the Court showing the efforts made by the Class Representatives in obtaining this benefit for the Class as a whole, the Court finds that an incentive award in the following amounts to be reasonable: Seven Thousand Five Hundred Dollars ($7,500) each to Mr. Shuster, Mr. Evanson and Mr. Ayers; Twelve Thousand Five Hundred Dollars ($12,500) to Mr. Tate. The Court orders payment of such awards in accordance with the Order directing distribution set forth below.

6. With respect to the award of attorneys' fees, the record before the Court shows that One Million Four Hundred Twelve Thousand Four Hundred Forty-Six Dollars ($1,412,446) in time has been spent on this matter by Class Counsel representing approximately 5,000 hours by partners, associates and paralegals. The time spent is consistent with the record before the Court evidencing extensive motion practice, extensive document discovery and over 30 depositions of fact-witnesses. Further, the time and hourly rates appear customary and appropriate for this community and the nature of the work involved.

7. In light of the time spent, the risks taken and the benefit conferred, the Court finds the attorney fee proposal which was negotiated by and between Class Counsel and Class Representatives to be fair and hereby orders as follows:

  a. Class Counsel shall receive 29% of the anticipated $5.5 million or $1,595,000.

  b. In the event a sale confers a benefit on the Class greater than $5.5 million, Class Counsel will receive 29% of any additional amounts up to a total Class benefit of $8.3 million, 27% of any benefit

between $8.3 million and $9 million and 23% of any benefit beyond $9 million received by the Class.

**DISTRIBUTION ORDER**

8. The Class finds the Plan of Allocation set forth in the Notice to be reasonable and fair. There are 1,184,853 shares of common stock, 334,455 shares of preferred stock and 245,801 options reflected by the submission of timely Proofs of Claim. The Plan of Allocation calls for approximately 26.5% of the net settlement amount to be allocated to the RTI preferred stockholders, who hold approximately 22% of the collective shares filing Claim Forms, and 73.5% of the net settlement amount to be allocated to the RTI common stockholders holding approximately 78% of the collective shares filing Claim Forms. The Plan of Allocation considered not only the actual investment dollars paid by these shareholders in RTI, but also the impact of having shares converted to common shares at the time of the recapitalization. In the event that a sale of RTI occurs for over $200 million, the option holders who submitted timely Proofs of Claim shall receive a benefit of $10,000 for every $1 million in excess of a $200 million sale which benefit will be distributed proportionally among various exercise price groups. Distribution shall occur based on these percentages as set forth in the Notice.

9. Responsibility for the distribution of the settlement proceeds to Class members rests with the Claims Administrator and the Escrow Agent. For purposes of this distribution, the Escrow Agent will be Anthony Ostlund Baer & Louwagie P.A.

10. Within four weeks of the date of this Order, an initial distribution reimbursing expenses, providing the Class Representatives award and distributing 29% of

the $2.55 million cash portion of the settlement to Class Counsel may occur. The remainder of the cash shall remain in an interest-bearing account pursuant to the Stipulation of Settlement for subsequent distribution to Class members no later than June 30, 2011. If the initial distribution is delayed beyond that date, Class Counsel shall advise the Court and seek modification of this Order. Subsequent distributions to Class Counsel and Class members shall occur promptly after receipt of payments pursuant to the Notes or sales proceeds described in Paragraph 2 above. Those subsequent distributions shall be made in accordance with this Order and the Notice.

11. To the extent that any residual funds remain after distribution to all Class members and, to the extent it is not cost-effective to distribute those residual funds to Class members, such funds shall be donated to the Legal Aid Society for Hennepin County.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining any further application for attorneys' fees, interest and expenses in the Litigation; (d) the Parties for purposes of construing, enforcing and administering the Stipulation; (e) setting a bond in the event of an appeal from this Order; and (f) adjusting or modifying distributions to any Class

member who engages in an unsuccessful appeal so as not to financially harm other non-appealing Class members.

IT IS SO ORDERED.

Dated: November 29, 2010					s/ Michael J. Davis
								Michael J. Davis
								Chief Judge
								United States District Court